1   POLK, PROBER & RAPHAEL, A LAW CORPORATION
2   DEAN R. PROBER, ESQUIRE, #106207
    LEE S. RAPHAEL, ESQUIRE, #180030
3   CASSANDRA J. RICHEY, ESQUIRE #155721
    20750 Ventura Boulevard, Suite 100
4   Woodland Hills, California 91364
    (818) 227-0100
5   P.107-002A

6
    SCOTT E. SHAPIRO, ESQUIRE   (S.B.N. 194352)
7   LAW OFFICES OF SCOTT E. SHAPIRO, P.C.
    17337 Ventura Boulevard, Suite 200
8   Encino, CA 91316
    (818) 990-0706 Fax (818) 990-0276
9
10  Attorneys for Movants

11          **UNITED STATES BANKRUPTCY COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
12

13  In re                              )   Bk. No. SV07-11493-MT
    KENNETH W. KREISEL and             )   Adv. Proc. No.  08-01169-MT
14  LAURENE M. KREISEL                 )   Chapter 7
                                       )
15  _____   )
                                       )   **COUNTER-DEFENDANTS' MOTION TO**
16  PM FACTORS, INC., A CALIFORNIA     )   **DISMISS ALL PURPORTED CLAIMS OF**
    CORPORATION DOING BUSINES AS       )   **COUNTER-CLAIMANT KENNETH W.**
17  1ST PM FACTORS BANCORP,            )   **KREISEL'S  COUNTER-CLAIM;**
    its assignees and/or successors in interest, )  **MEMORANDUM OF POINTS AND**
18                                     )   **AUTHORTIES**
                                       )   (Pursuant to Bankruptcy Rules of Procedure
19          Plaintiff,                 )   7012 (b); Federal Rules of Civil Procedure
                                       )   Section 12 (b) (6), Bankruptcy Rules of
20  vs.                                )   Procedure 7023.1; and Federal Rules of Civil
                                       )   Procedure Rule 23.1)
21  KENNETH W. KREISEL and             )
    LAURENE M. KREISEL;                )
22                                     )
                                       )
23          Defendants.                )
                                       )
24  _____   )
                                       )
25  and related Counter-Claim.         )
                                       )
26          Counter-Defendants PM FACTORS, INC., STEPHEN PERL and PETER PERL

27  (collectively hereinafter referred to as "Cross-Defendants") hereby move this Court to dismiss

28
                                       1

all purported claims of Pro Se Counter-Claimant KENNETH W. KREISEL's (hereinafter

"Counter-Claimant") Counter-Claim.

IN SUPPORT THEREOF, Counter-Defendants assert the following:

1.   The Counter-Claim includes attempts to plead "non-core" claims of

Relief. Counter-Defendants nevertheless consent to entry of final orders or judgment by this

Court.

2.  Due to Counter-Claimant's failure to state a claim as a matter of law,

grounds exist for granting of Counter-Defendants' Motion to Dismiss pursuant to Federal

Rules of Civil Procedure Section 12 (b)(6) and Bankruptcy Rules of Procedure Rule 7012 (b).

3.  The Court is requested to take judicial notice pursuant to the Federal

Rules of Evidence 201 of the file and records of In re KENNETH W. KREISEL and

LAURENE M. KREISEL, Case Number SV 07-11493 MT, a Chapter 7 case under the United

States Bankruptcy Code which converted from a case under Chapter 11, 11U.S.C. §101, et.

al., in the United States Bankruptcy Court for the Central District of California.

4.   The Court is additionally requested to take judicial notice pursuant to the

Federal Rules of Evidence 201 of the file and records of In re MILLER & KREISEL SOUND,

INC., aka M & K SOUND, aka M & K PROFESSIONAL, aka M & K REALTIME

RECORDS, Case Number    SV-07-10614-MT, a Chapter 7 case under the United States

Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California

(hereinafter referred to as "M & K Sound Bankruptcy Proceeding").

5.  The Counter-Claim does not allege that any event occurred post-petition.

Thus, any purported claim would belong to the Debtor's estate (hereinafter referred to as "the

Kreisel Bankruptcy Estate"), which is represented by the Chapter 7 Trustee, not

Debtor/Counter-Claimant. Pursuant to 11 U.S.C. Section 541(a) and 541(a)(1) "The

commencement of a case under section 301, 302, or 303 of this title creates an estate. Such

2

estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable

interests of the debtor in property as of the commencement of the case. Counter-Claimant

therefore lacks standing, and has thereby failed to state a claim of relief.

6.  Additionally, Counter-Defendants move the Court to dismiss, pursuant to

Federal Rules of Civil Procedure Section 12 (b) (6), Bankruptcy Rules of Procedure 7023.1,

and Federal Rules of Civil Procedure Rule 23, all purported counter claims of relief on the

grounds that they fail to state a claim for relief, including on the following grounds.

7.  Counter-Claimant attempts to assert shareholder derivative claims but

such claims had to be asserted in the M & K Sound Bankruptcy Proceeding, were not so filed

and Counter-Claimant does not have standing to assert such claims in this bankruptcy

proceeding since any event such claims are the property of the M & K Sound Bankruptcy

Estate and not the property of the Kreisel Bankruptcy Estate.

8.  The Counter-Claim fails to assert any basis for the possible liability of

individuals who are employees and officers of PM Factors, Inc., namely Counter-Defendants

Peter Perl and Stephen Perl.

9.  The Counter-Claim fails to establish that any act could have possibly

damaged Counter-Claimant as a shareholder of a company that was severely in distress well

before PM Factors, Inc. ever entered into any agreement with M & K Sound, a company

which prior to ever entering into an agreement with PM Factors, Inc. had "...severe cash flow

problems and limited ability to timely deliver purchase orders" (Counter-Claim, Paragraph 14,

4:15 - 16).

10. The Counter-Claim fails to establish that M & K Sound could ever have

performed its contractual obligations, a requirement in a breach of contract action.

11. The Counter-Claim fails to allege fraud with requisite specificity,

3

particularly as to purported fraud committed through representatives of a corporation (where a higher standard applies).

12. A breach of fiduciary claim cannot possibly be stated as it is clearly not applicable to a lender/borrower relationship given California law on the subject.

13. No torts can possibly be successfully alleged because the asserted wrongs are privileged under the Litigation Privilege or Common Interest Privilege provided by California Civil Code Section 47 (b) and 47(c).

14. No interference claim can possibly exist because Counter-Claimant has failed to allege that a person breached a contract with M & K Sound as a result of any action of PM Factors (for instance, Counter-Claimant has alleged ACI had already breached prior to PM Factors ever entering the picture).

15. Should this Court find that Counter-Defendants should not be dismissed, Counter-Defendants request this Court grant at least twenty (20) days to Answer the Counter-Claim.

WHEREFORE, it is prayed that the Court dismiss all Counter-Defendants from this proceeding for failure to state a cause of action, and for such other relief, as the Court deems proper.

Dated: May 29, 2008                    POLK, PROBER & RAPHAEL
                                       A LAW CORPORATION


                                       By /s/ Cassandra J. Richey
                                         CASSANDRA J. RICHEY, ESQUIRE
                                         Attorneys for Movants

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................6

TABLE OF AUTHORITIES...........................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES.................................13

I. INTRODUCTION....................................................................................13

II. ARGUMENT...........................................................................................14

   A. FEDERAL RULES OF CIVIL PROCEDURE RULE 12 (B) (6) IS INCORPORATED BY REFERENCE THROUGH FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 7012 (B). ....................................................14

   B. COUNTER CLAIMANT HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO ALL PURPORTED CLAIMS FOR RELIEF BECAUSE COUNTER-CLAIMANT DOES NOT HAVE STANDING TO ASSERT SUCH CLAIMS...............................................................15

   C. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO THE INDIVIDUAL DEFENDANTS, STEPHEN PERL AND PETER PERL, AND GIVEN THE SPECULATIVE OR IMAGINARY DAMAGES CLAIMS HAS ALSO FAILED AS TO ANY OTHER PURPORTED CLAIMS..................................................................16

     1. The Improper Claims Against PM Factors' Employees or Representatives

     2. Counter-Claimants' Imaginary and Speculative Damages Claims

   D. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED FIRST CLAIM FOR BREACH OF CONTRACT...........................................................18

   E. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED SECOND CLAIM FOR FRAUD.................................................................19

   F. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED THIRD CLAIM FOR BREACH OF FIDUCIARY DUTY.......................................21

   G. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED FOURTH CLAIM FOR INTERFERENCE WITH CONTRACT, AND HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED FIFTH CLAIM FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE..............................................................22

     1. Purported Claim for Interference with Contract.....................22

2. Purported Claim for Interference with Prospective Economic
Advantage..................................................................................23

3. Argument as to Purported Fourth and Fifth Claims for Relief........23

H. THE LITIGATION AND COMMON INTEREST PRIVILEGES BAR ALL
PURPORTED TORT CLAIMS OF RELIEF BASED UPON THE ASSERTION
THAT COUNTER-DEFENANTS COMMUNICATED WITH PERSONS WHILE
ASSERTING PM FACTORS' RIGHTS, AND THEREAFTER ENFORCED THE
SAME UNDER CALIFORNIA LAW............................................................24

1. The Litigation Privilege Applies and Bars Counter-Claimant's
Purported Claims...............................................................................25

2. If the Litigation Privilege is not the Operative Privilege, The
Common Interest Privilege is Applicable, and Bars Counter-Claimant's Purported
Claims.............................................................................................26

3. Argument on Applicability of Litigation Privilege or Common
Interest Privilege, or Both.................................................................27

CONCLUSION............................................................................................28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **TABLE OF AUTHORITIES**

2

3
Federal Statutes and Rules

4
Bankruptcy Rules of Procedure 7012 (b).................................................................14

5
Bankruptcy Rules of Procedure 7023.1..........................................................13, 15

6
Federal Rules of Civil Procedure Section 12 (b) (6) ................................13, 14, 15

7
Federal Rules of Civil Procedure Rule 23.1.......................................................14, 15

8

9
State Statutes and Rules

10
California Civil Code Section 47 (b) ..........................................................14, 24, 25

11
California Civil Code Section 47 (c) ....................................................................... 14

12
California Commercial Code Section 9406................................................24, 25, 28

13
State Cases

14
Acoustics v. Trepte Const. Co., Inc., (Cal. 2nd Dist. 1971)

15
        14 Cal. App. 3d 887; 92 Cal. Rptr. 723. .................................................18

16
Agnew v. Parks, (Cal. 2nd Dist. 1959)

17
        172 Cal. App. 2d 756; 343 P.2d 118. ......................................................21

18

19
Blank v. Kirwan, (Cal. 1985)

20
        39 Cal. 3d 311; 216 Cal.Rptr. 718.........................................................23

21
Brown v. Kennard, (Cal. 3rd Dist. 2001)

22
        94 Cal. App. 4th 40; 113 Cal. Rptr. 2d 891. .........................................26

23

24
Della Penna v. Toyota Motor Sales, U.S.A., Inc., (Cal. 1995)

25
        11 Cal. 4th 376; 45 Cal.Rptr.2d 436. ...................................................23

26
Doctors' Co. v. Superior Court, (Cal. 1989)

27
        49 Cal. 3d 39; 260 Cal. Rptr. 183...........................................................16

28
Ferguson v. Lieff, Cabraser, Heimann & Bernstein, (Cal. 2003)

30 Cal.4th 1037; 135 Cal.Rptr.2d 46................................................21

Engle v. Oroville, (Cal. 3rd Dist. 1965)

238 Cal. App. 2d 266; 47 Cal. Rptr. 630................................................17

Ersa Grae Corp. v. Fluor Corp., (Cal. 2nd Dist. 1991)

1 Cal. App. 4th 613; 2 Cal.Rptr.2d 288................................................18

Kim v. Sumitomo Bank of California, (Cal. 2nd Dist. 1993)

17 Cal. App. 4th 974; 21 Cal.Rptr.2d 834................................................22

King vs. United Parcel Service, Inc., (Cal. 3rd Dist., 2007)

52 Cal.App.4th 426; 60 Cal. Rptr. 3d 359................................................26, 27

Kruse v. Bank of Am., (Cal. 1st Dist. 1988)

202 Cal. App. 3d 38; 248 Cal. Rptr. 217................................................16, 18, 20

Lazar vs. Superior Court, (Cal. 1996)

12 Cal.4th 631; 49 Cal.Rptr.2d 377................................................20

Magilica v. Maglica (Cal 1st Dist. 1996)

66 Cal. App.4[th] 442; 78 Cal. Rptr.2d 101................................................21

McDorman v. Moody (Cal. 2nd Dist. 1942)

50 Cal. App. 2d 136; 122 P. 2d 639................................................19

Nguyen v. Proton Technology Corp. (Cal. 1st Dist. 1999)

69 Cal.App.4th 140; 81 Cal.Rptr.2d 392................................................25

Noel v. River Hills Wilsons, Inc., (Cal. 4th Dist. 2003)

113 Cal.App.4th 1363; 7 Cal. Rptr. 3d 216................................................27

Pacific Gas and Electric and Electric v. Bear Sterns & Co. (Cal. 1990)

50 Cal. 3d 1118; 270 Cal. Rptr. 1................................................23

Price v. Wells Fargo Bank, (Cal. 1st Dist. 1989)

213 Cal.App.3d 465; 261 Cal.Rptr. 735................................................22

Rickel v. Schwinn Bicycle Co., (Cal. 2nd Dist. 1983)

    144 Cal. App. 3d 648; 192 Cal.Rptr. 732...................................................................23

Rubin v. Green, (Cal. 1993)

    4 Cal.4th 1187; 17 Cal.Rptr.2d 828...................................................................25

Rusheen vs. Cohen, (Cal. 2006)

    37 Cal. 4th 1048; 39 Cal. Rptr. 3d 516....................................................................26

Settimo Assocs. v. Environ Sys., Inc., (Cal. 4th Dist. 1993)

    14 Cal. App. 4th 842; 17 Cal.Rptr.2d 757...................................................................23

Short v. Nevada Joint Union High School Dist., (Cal. 1985)

    163 Cal. App. 3d 1087; 210 Cal.Rptr. 297....................................................................23

Stansfield vs. Starkey, (Cal. 2nd Dist. 1990)

    220 Cal.App.3d 59; 269 Cal. Rptr. 337...................................................................19

United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., (Cal. 1970)

    1 Cal. 3d 586; 83 Cal. Rptr. 418...................................................................16,17

Westside Center Associates v. Safeway Stores 23 Inc., (Cal. 5th Dist. 1996)

    42 Cal.App.4th 507; 49 Cal. Rptr. 2d 793...................................................................17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION:

Counter-Claimant KENNETH W. KREISEL (hereinafter referred to as "Counter-Claimant") has no standing to assert the purported claims for relief he now seeks to assert against PM Factors and PM Factors' employees Stephen Perl and Peter Perl. Counter-Claimant apparently has no authority whatsoever from the Trustee to assert such claims, especially since the Trustee has not yet even abandoned any potential claims. However, even without consideration of whether Counter-Claimant has standing *vis a vis* permission from the Trustee, Counter-Claimant also does not have standing to assert what are, if anything, unsuccessful attempts to assert shareholder derivative claims. Finally, examining the purported claims themselves, it is clear that Counter-Claimant has not, and cannot, allege any claim, let alone the purported suffering of any damages, which are not purely speculative or imaginary.

For instance, using utterly vague allegations, Counter-Claimant has tried to assert a breach of implied covenant of good faith and fair dealing on a guaranty he made for a now bankrupt corporation, Miller and Kreisel Sound, Inc (hereinafter "the Debtor Corporation"). Yet, Counter-Claimant failed to allege that he made any payment whatsoever on the guaranty. Thus, he has not alleged that he has suffered any damages, and his "claims" additionally fail for that reason.

Examining Counter-Claimant's attempts to assert purported claims which the Trustee never asserted in the Debtor Corporation's bankruptcy, the purported claims are woefully deficient, and therefore subject to a motion to dismiss under Federal Rules of Civil Procedure Section 12 (b) (6). Firstly, the allegations of the Complaint do not satisfy Bankruptcy Rules of Procedure 7023.1, which incorporate by reference Federal Rules of Civil Procedure Rule

23.1. Federal Rules of Civil Procedure Rule 23.1 provides that any shareholder derivative claims have certain pleading obligations, such as the required allegation of shareholder status. In this instance, Counter-Claimant failed to allege his own shareholder status. Secondly, the allegations fail on a number of grounds, as a matter of law, for insufficiency of specificity (as to the purported fraud claim) and other applicable law including pursuant to the litigation privilege found in California's Civil Code Section 47(b) and 47 (c).

With respect to the individual defendants who are employees of Counter-Defendant PM FACTORS, INC., Steven Perl and Peter Perl, no allegations have been asserted that could possibly state a claim for relief. Neither Steven Perl nor Peter Perl have been established as parties to any obligation (contractual or otherwise), and they certainly cannot be made to defend claims by the bankrupt corporation or by Counter-Claimant who claims Stephen Perl and Peter Perl demanded unsuccessfully transfer of shares of the bankrupt corporation. Finally, concerning all of the purported claims, no damages (other than purely speculative or imaginary damages of the bankrupt corporation) have been alleged that could possibly sustain any affirmative relief for Counter-Claimant.

## II. ARGUMENT

### A. FEDERAL RULES OF CIVIL PROCEDURE RULE 12 (B) (6) IS INCORPORATED BY REFERENCE THROUGH FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 7012 (B).

The provisions of Federal Rules of Civil Procedure Rule 12 (b) (6) are incorporated by reference through Federal Rules of Bankruptcy Procedure Rule 7012 (b). Hence, a motion to dismiss can and should be granted since Counter-Claimant has failed to state any claim upon which relief can be granted.

### B. COUNTER CLAIMANT HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO ALL PURPORTED CLAIMS FOR RELIEF BECAUSE COUNTER-CLAIMANT DOES NOT HAVE STANDING TO ASSERT SUCH CLAIMS.

Counter-claimant has no standing to assert the purported claims for relief he now seeks to assert against PM Factors and PM Factors' employees Stephen Perl and Peter Perl. Counter-Claimant apparently has no authority whatsoever from the Trustee to assert such claims, especially since the Trustee has not yet abandoned any potential claims.

Counter-Claimant also has not, and cannot, assert a shareholder derivative action in this proceeding, particularly since Counter-Claimant has not alleged that Counter-Claimant has obtained authority to file shareholder derivative claims in the case of "In re MILLER & KREISEL SOUND, INC., aka M & K SOUND, aka M & K PROFESSIONAL, aka M & K REALTIME RECORDS," case number SV 07-10614-MT," claims which in any event must have been filed by the debtor M & K Sound in said case but were not so filed.

Examining Counter-Claimant's attempts to assert purported claims which the Trustee never asserted in the debtor corporation's bankruptcy, the purported claims are woefully deficient, and therefore subject to a motion to dismiss under Federal Rules of Civil Procedure Section 12 (b) (6). Firstly, the allegations of the Complaint do not satisfy Bankruptcy Rules of Procedure 7023.1, which incorporate by reference Federal Rules of Civil Procedure Rule 23.1. Federal Rules of Civil Procedure Rule 23.1 provide that any shareholder derivative claims have certain pleading requirements, such as the required allegation of shareholder status. In this instance, Counter-Claimant failed to allege his own shareholder status. But, even if he did, he would not have standing to assert a shareholder derivative claim. See <u>Kruse v. Bank of Am.</u>, (Cal. 1st Dist. 1988) 202 Cal. App. 3d 38, 65; 248 Cal. Rptr. 217, 233.

**C. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO THE INDIVIDUAL DEFENDANTS, STEPHEN PERL AND PETER PERL, AND GIVEN THE SPECULATIVE OR IMAGINARY DAMAGES CLAIMS HAS ALSO FAILED AS TO ANY OTHER PURPORTED CLAIMS.**

**1. The Improper Claims Against PM Factors' Employees or Representatives**

12

In a desperate and highly irresponsible maneuver, Counter-Claimant has attempted to assert claims against individuals who are employees of PM Factors, Inc., Stephen Perl and Peter Perl. (Counter-Claim, Paragraph 21, 5:23 – 25; Paragraph 31, 7:17 – 24). Apparently, Counter-Claimant is suing Stephen Perl and his "dad" Peter Perl because, as persons working "for PMF," they purportedly tried to make an arrangement that was never accepted whereby Stephen Perl purportedly demanded stock which was never agreed-upon nor delivered. In addition to acknowledging that no such agreement was ever reached, the Counter-Claim fails to include a single writing or purported agreement whereby any privity of contract could possibly exist between Counter-Claimant, M & K Sound or Stephen Perl or Peter Perl.

It is black-letter law that agents and employees of a corporation cannot be held liable for tortuous acts of the corporation by reason of their official position, where they act within the scope of their employment and the only duty breached, if any, is a duty to their corporate employer. United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., (1970) 1 Cal. 3d 586, 595; 83 Cal. Rptr. 418, 423 (holding that directors are not liable to third persons for negligence amounting to a breach of duty owing to the corporation alone; the act must also breach a duty owed to the third person); Doctors' Co. v. Superior Court, (1989) 49 Cal. 3d 39, 45; 260 Cal.Rptr. 183, 187 (holding that agents acting in their official capacities on behalf of the corporation cannot conspire with the corporate employer). Moreover, directors or officers are not personally liable on contracts signed by them for or on behalf of the corporation unless they purport to bind themselves individually. United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., *supra,* at 595; 83 Cal. Rptr. at 423.

### 2. Counter-Claimant's Imaginary and Speculative Damages Claims

Finally, in order for a claim to be properly asserted, there has to be an allegation that damages were proximately caused by the individual defendants. In addition to the fact the Counter-Claimant has not, and cannot, allege a fact that he was individually harmed by an act

1    of a Counter-Defendant, Counter-Claimant also cannot allege that damages were proximately

2    caused to M & K Sound.  Thus, Counter-Claimant has asserted two layers of purely imaginary

3    and speculative damages assertions which are additionally contradicted by his own claims

4    about M & K Sound's dire financial situation.  One layer of purely imaginary and speculative

5    damages exists as to M & K Sound, and the second layer of purely imaginary and speculative

6    damages exists as to any purported loss by Counter-Claimant resulting from the collapse of M

7    & K Sound commencing in late 2001, many years before any agreement was entered into with

8    
9    PM Factors.

10        There shall be no recovery for lost profits based on the "fond dreams of an

11   adventurer." Engle v. Oroville, (3rd Dist. 1965) 238 Cal. App. 2d 266, 272; 47 Cal. Rptr. 630,

12   634.  Further, for prospective profits, there has to be reasonable certainty that such profits

13   would occur.  "A plaintiff seeking to recover for a future loss must show with reasonable

14   certainty that the loss actually would have accrued. [citations omitted]. Damages, which are

15   remote, contingent, or merely possible, cannot serve as a legal basis for recovery. [citation

16   omitted]." Westside Center Associates v. Safeway Stores 23 Inc., (5th Dist. 1996) 42

17   Cal.App.4th 507, 530-531; 49 Cal. Rptr. 2d 793, 808.  Counter-Claimant admits that M & K

18   Sound was in severe financial distress well before he met the Cross-Defendants, admitting

19   among other things that "…M&K has had to contend with decreased revenue and increase

20   overhead, all of which created severe cash flow problems and a limited ability to timely

21   deliver on purchase orders." (Counter-Claim, Paragraph 14, 4:12- 16).

22        By Counter-Claimant's own admissions, Counter-Claimant's dire financial situation

23   (and more accurately M & K Sound's financial difficultly) was "otherwise inevitable or due to

24   
25   unrelated causes." Kruse, supra, 202 Cal. App. 3d at 60_.  Consequently, Counter-Claimant's

26   "claims" additionally fail, as a matter of law, for those reasons.

27   

28

**D. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON
WHICH RELIEF CAN BE GRANTED ON THE PURPORTED FIRST CLAIM
FOR BREACH OF CONTRACT.**

As set for the above, Counter-Claimant does not have standing to assert claims on

behalf of M & K Sound. Moreover, Counter-Claimant has not, and cannot, allege that he paid

any monies to PM Factors on his guaranty of M & K Sound's obligations. As a result, he

cannot, as a matter of law, allege damages, even on the only contract where he is in privity

with PM Factors. It is basic contract law that, to allege a claim for breach of contract,

Counter-Claimant must allege (1) the existence of a contract between him and the Counter-

Defendants, (2) performance by Counter-Claimant or excuse of such performance; (3) breach

by a Counter-Defendant; and (4) damages. Acoustics v. Trepte Const. Co., Inc., (2nd Dist.

1971) 14 Cal. App. 3d 887, 913; 92 Cal. Rptr. 723, 740. Moreover, plaintiff must allege that,

but for defendant's breach, the plaintiff would have had the ability to perform. See Ersa Grae

Corp. v. Fluor Corp., (2nd Dist. 1991) 1 Cal. App. 4th 613, 625; 2 Cal.Rptr.2d 288, 295;

McDorman v. Moody (2nd Dist. 1942) 50 Cal. App. 2d 136, 140-141; 122 P. 2d 639, 641 –

642.

Counter-Claimant has failed to allege the existence of any contract between him and

the individual defendants that was purportedly breached and caused him damages. Instead,

Counter-Claimant has made a vague allegation that Counter-Defendants "breached their

several agreements to provide funding to M & K ..." (Counter-Claim, Paragraph 37, 8:23 –

24). Moreover, Counter-Claimant has failed to allege that he performed on the contract (such

as making any guaranty payment) or that he was excused from making any such payment (and

if he was so excused, no damages could possibly exist). Finally, Counter-Claimant admits

that M & K Sound was in severe financial distress well before he met the Cross-Defendants,

admitting among other things that "...M&K has had to contend with decreased revenue and

increase overhead, all of which created severe cash flow problems and a limited ability to

timely deliver on purchase orders." (Counter-Claim, Paragraph 14, 4:12- 16). As a result,

Counter-Claimant cannot state a claim for relief, something which is particularly true in light

that speculative or imaginary damages that cannot be awarded.

### E. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED SECOND CLAIM FOR FRAUD.

To plead a cause of action for fraud, a person must "show how, when, where, to

whom, and by what means the representations were tendered." Stansfield vs. Starkey, (2nd

Dist. 1990) 220 Cal.App.3d 59, 73; 269 Cal. Rptr. 337, 345. The Counter-Claim is totally

devoid of any specific purported statements, which could possibly constitute a fraudulent

statement. Counter-Claimant fails to specifically allege who, how, when, where to whom, and

by what means actionable false statements were made. Consequently, Counter-Claimant's

purported claim for fraud fails for that reason.

Counter-Defendants should not be forced to defend fraud claims when Counter-

Claimant is not even able to properly plead such claims. In fact, not a single allegation was

made by the Counter-Claimant that specifically attributes any statement or concealment of a

material fact by a Counter- Defendant to Counter-Claimant. Instead, the Counter-Claim is

replete with insufficient general allegations and conclusory statements, none of which could

possibly establish fraud. So, were the purported misrepresentations oral or written? Who

wrote or told Counter-Claim any misrepresentation? When was that purported representation

made? Counter-Claimant's conclusory allegations do not address any, let alone all, of those

requisite questions. Consequently, Counter-Defendants' motion to dismiss should be granted

in light of Counter-Claimant's inability to plead any specific facts supporting a fraud claim.

Moreover, any allegation against corporate defendant PM FACTORS, INC. must also

specify the names of the persons who made the allegedly fraudulent representations, their

authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. See Lazar vs. Superior Court, (1996) 12 Cal.4th 631, 645; 49 Cal.Rptr.2d 377, 385.

In order to establish a prima facie case for any of his fraud-based causes of action, Plaintiff must establish: (1) intent to defraud, (2) detrimental (actual) reliance upon alleged misrepresentation(s) or false promise(s), and (3) damages. Under the law, "[i]t is axiomatic that to obtain a recovery for fraud, a claimant must prove, inter alia, that damages were sustained as a proximate cause of the fraudulent conduct... no liability attaches if the damages sustained were otherwise inevitable or due to unrelated causes." Kruse v. Bank of Am., 202 Cal. App. 3d 38, 60; 248 Cal. Rptr. 217, 230.

"It is the rule that fraud without damages is not actionable." Agnew v. Parks, (2nd Dist. 1959) 172 Cal. App. 2d 756, 768; 343 P.2d 118, 125. Further, to be awarded, fraud damages must not be remote, speculative or uncertain. Id. at 768-769. Speculative damages include those, which are contingent upon "the act of a third person or the happening of a certain event." Id. at 767-68. Plaintiff must provide a "practicable measure of damages" to prove his alleged damages. Id.; see also Ferguson v. Lieff, Cabraser, Heimann & Bernstein, (Cal. 2003) 30 Cal.4th 1037, 1048; 135 Cal.Rptr.2d 46, 54 ("damages may not be based upon sheer speculation or surmise, and the mere possibility or even probability that damage will result from wrongful conduct does not render it actionable").

The Counter-Claim allegations clearly fail in that Counter-Claimant not only fails to indicate what other funding sources could have been obtained by M & K Sound, but also fails to indicate what would have been different, if anything, with funding from other sources.

**F. COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED THIRD CLAIM FOR BREACH OF FIDUCIARY DUTY.**

To prevail on his cause of action for breach of fiduciary duty, Counter-Claimant must establish: (1) the existence of a fiduciary duty, (2) breach of that fiduciary duty, and (3)

17

damages proximately caused by that breach. Where the alleged fiduciary duty is borne out of

a contract, the contract must define the scope of the fiduciary duty. Maglica v. Maglica, (1st.

Dist. 1998) 66 Cal.App.4th 442, 447- 448; 78 Cal.Rptr.2d 101, 103. If the contract does not

do so, there can be no fiduciary duty. Id.

In Price v. Wells Fargo Bank, (1st Dist. 1989) 213 Cal.App.3d 465; 261 Cal.Rptr. 735,

the Court of Appeal conclusively held that tort recovery for an alleged breach of the duty of

good faith and fair dealing does not apply to bank/loan customer transactions. Id. at 476-78. In

Price, plaintiff had obtained several loans from a bank secured by their real property. Id. at

471-74. When plaintiffs had difficulty making payments pursuant to those loans, the bank

agreed to a revised payment schedule. Id. When plaintiffs were unable to make payments

under the revised schedule, the bank initiated foreclosure proceedings. Id. Plaintiffs then filed

a lawsuit against the bank. Id. The Court affirmed the trial court's grant of summary judgment

as to plaintiffs cause of action for breach of the duty of good faith and fair dealing, holding

that bank/loan customers transactions are "insufficient to state a tortuous breach of the

covenant of good faith and fair dealing." Id. at 478.   California case law is clear that no

fiduciary duty exists between a lender and its borrower. Kim v. Sumitomo Bank of California,

(2nd Dist. 1993) 17 Cal. App. 4th 974, 979; 21 Cal.Rptr.2d 834, 836.

**G.  COUNTER-CLAIMANT HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED FOURTH CLAIM FOR INTERFERENCE WITH CONTRACT, AND HAS FAILED TO ASSERT ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ON THE PURPORTED FIFTH CLAIM FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**

**1.  Purported Claim for Interference with Contract**

To recover for intentional interference with a contractual relationship, a plaintiff must

show (1) that it had a valid and existing contract between itself and a third party; (2) that the

defendant had knowledge of this contract; (3) defendant's intentional acts designed to induce a

breach or disruption of that contractual relationship; (4) an actual breach or disruption of the contractual relationship; and (5) resulting damage. <u>Pacific Gas and Electric v. Bear Sterns & Co.</u>, (Cal. 1990) 50 Cal. 3d 1118, 1126; 270 Cal.Rptr. 1.

Counter-Claimant must also allege that Cross-Defendants committed an intentional act designed to cause a breach. <u>Blank v. Kirwan</u>, (Cal. 1985) 39 Cal. 3d 311, 330; 216 Cal.Rptr. 718, 730. Additionally, to establish the requisite intent, Counter-Claimant must allege facts that takes the act out of the realm of legitimate business transactions. <u>Rickel v. Schwinn Bicycle Co.</u>, (2nd Dist. 1983) 144 Cal. App. 3d 648, 657-658; 192 Cal.Rptr. 732, 738.

An essential element to a cause of action for intentional interference with contract is that defendant's intentional act actually causes a breach resulting in injury to the plaintiff. In other words, there must be some showing that injurious interference did, in fact, occur as a result of defendant's conduct. See <u>Short v. Nevada Joint Union High School Dist.</u>, (3rd Dist. 1985) 163 Cal. App. 3d 1087, 1101; 210 Cal.Rptr. 297, 305.

### 2. Purported Claim for Interference with Prospective Economic Advantage

"The tort of intentional ... interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." <u>Settimo Assocs. v. Environ Sys., Inc.</u>, (4th Dist. 1993) 14 Cal. App. 4th 842, 845; 17 Cal.Rptr.2d 757, 758. A plaintiff must show that a defendant engaged in an act that was wrongful by some legal measure other than the fact of interference itself. <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u>, (1995) 11 Cal. 4th 376, 393; 45 Cal.Rptr.2d 436, 447.

### 3. Argument as to Purported Fourth and Fifth Claims for Relief

Counter-Claimant has admitted that ACI/Tommy Draffen breached the agreement prior to the "2005 Christmas season." (Counter-Claim, Paragraph 17, 5:1 – 7). Yet, according to Counter-Claimant any purported interference by any Cross-Defendant with ACI/Tommy

Draffen occurred thereafter (Counter-Claim, Paragraph 18, 5:8; Paragraph 53, 12:14 - 15).

Of course, as in all of the other "claims for relief," there is no allegation that any damages

were caused to the Counter-Claimant by the purported interference, and certainly no damage

allegations that would be anything other than purely speculative or imaginary. Indeed, the

Counter-Claimant admits that M & K Sound was in severe financial distress well before he

met the Cross-Defendants, admitting among other things that "…M&K has had to contend

with decreased revenue and increase overhead, all of which created severe cash flow problems

and a limited ability to timely deliver on purchase orders." (Counter-Claim, Paragraph 14,

4:12- 16).

## H. THE LITIGATION AND COMMON INTEREST PRIVILEGES BAR ALL PURPORTED TORT CLAIMS OF RELIEF BASED UPON THE ASSERTION THAT COUNTER-DEFENDANTS COMMUNICATED WITH PERSONS WHILE ASSERTING PM FACTORS' RIGHTS, AND THEREAFTER ENFORCING THE SAME UNDER CALIFORNIA LAW.

The litigation privilege established by California Civil Code § 47(b) and the pursuit of

PM Factors' legitimate business interests bar all of Counter-Claimant's purported tort claims

since, being an assignee of M & K Sound with respect to all receivables and while financing

purchase orders, PM Factors was entitled to communicate with M & K Sound's suppliers and

customers, including without limitation pursuant to communications made in accordance with

California Commercial Code Section 9406. That section provides:

> (a) Subject to subdivisions (b) to (i), inclusive, an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

Cal. Commercial Code Section 9406 (a). Indeed, the entire factoring industry is premised on

the fact that notification of assignment provides the protection to any assignee, such as PM

FACTORS, that the account debtor will only pay the assignee or will thereafter have exposure

1 if it pays any person other than the assignee. **Moreover, the notice of assignment is a pre-**

2 **requisite to suing the account debtor.** Without such a notification, the account debtor is free

3 to pay the assignor without any liability whatsoever.

4 ### 1. The Litigation Privilege Applies and Bars Counter-Claimant's

5 **Purported Claims.**

6 "For well over a century, communications with 'some relation' to judicial proceedings

7 have been absolutely immune from tort liability by the privilege codified as section 47 (b)."

8 Rubin v. Green, (Cal. 1993) 4 Cal.4th 1187, 1193, 17 Cal.Rptr.2d 828, 847.

9 Whether a given communication is within absolute litigation privilege is an issue of

10 law, and not fact. Nguyen v. Proton Technology Corp. (App. 1 Dist. 1999), 69 Cal.App.4th

11 140, 147; 81 Cal.Rptr.2d 392.

12

13 > The litigation privilege is codified in Civil Code section 47 (section 47): "[a]
privileged publication or broadcast is one made ... [i]n any ... judicial proceeding ...."

14 (§ 47, subd. (b).) ...

15 "Although originally enacted with reference to defamation [citation], the
privilege is now held applicable to any communication, whether or not it amounts to a
publication [citations], and all torts except malicious prosecution. [Citations.] Further,

16 it applies to any publication required or permitted by law in the course of a judicial
proceeding to achieve the objects of the litigation, even though the publication is made

17 outside the courtroom and no function of the court or its officers is involved.
[Citations.] [¶] The usual formulation is that the privilege applies to any

18 communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or
other participants authorized by law; (3) to achieve the objects of the litigation; and (4)

19 that have some connection or logical relation to the action. [Citations.]" (Silberg v.
Anderson (1990) 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (Silberg ).)

20 Thus, "communications with 'some **719 relation' to judicial proceedings" are
"absolutely immune from tort liability" by the litigation privilege (Rubin v. Green

21 (1993) 4 Cal.4th 1187, 1193, 17 Cal.Rptr.2d 828, 847 P.2d 1044 (Rubin) ). It is not
limited to statements made during a trial or other proceedings, but may extend to steps

22 taken prior thereto, or afterwards. (5 Witkin, Summary of Cal. Law, supra, Torts, §§
470, 505, pp. 554, 591.)

23

24 Rusheen vs. Cohen, (Cal. 2006) 37 Cal. 4th 1048, 1057; 39 Cal. Rptr. 3d 516, 522.

25

26 > ... if the gravamen of the action is communicative, the litigation privilege
extends to noncommunicative acts that are necessarily related to the communicative

27 conduct... (See Rubin, supra, 4 Cal.4th at p. 1195, 17 Cal.Rptr.2d 828, 847 P.2d 1044
[fact that defendants' communications "necessarily involved related acts" does not

28 destroy privilege]; Brown, supra, 94 Cal.App.4th at p. 50, 113 Cal.Rptr.2d 891;

O'Keefe, supra, 84 Cal.App.4th at p. 134, 100 Cal.Rptr.2d 602.) Stated another way, unless it is demonstrated that an independent, noncommunicative, wrongful act was the gravamen of the action, the litigation privilege applies.

Rusheen vs. Cohen, *supra,* at 1065; at 39 Cal. Rptr. 3d 516, 529 (holding that "… acts necessarily related to the communicative conduct, which in this case included acts necessary to enforce the judgment and carry out the directive of [a writ of execution]" were absolutely protected by the litigation privilege).  The litigation privilege applies to claims for fraud, intentional interference with prospective economic advantage, intentional inducement of breach of contract, negligence and negligent misrepresentation. Brown v. Kennard, (3rd Dist. 2001) 94 Cal. App. 4th 40, 45; 113 Cal. Rptr. 2d 891.

### 2. If the Litigation Privilege is not the Operative Privilege, The Common Interest Privilege is Applicable, and Bars Counter-Claimant's Purported Claims.

"Section 47 of the Civil Code states, in pertinent part: "A privileged publication … is one made: [¶] … [¶] (c) [i]n a communication, without malice, to a person interested therein...." Parties in a business or contractual relationship have the requisite "common interest" for the privilege to apply. [citation omitted]." King vs. United Parcel Service, Inc., (Cal. App. 3d Dist., 2007) 52 Cal.App.4th 426, 440; 60 Cal. Rptr. 3d 359, 372.  Although it is clear that Counter-Claimant has admitted that PM Factors' communications were of a nature that is absolutely privileged under the litigation privilege, at least according to one court, the burden of proof for a showing of actual malice in a common interest privilege case is a clear and convincing standard.  See King vs. United Parcel Service, Inc., *supra,* at 441; 60 Cal. Rptr. at 372.

"Insofar as the common-interest privilege is concerned, malice is not inferred from the communication itself. [citation omitted]. " 'The malice necessary to defeat a qualified privilege is "actual malice" which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked

reasonable grounds for belief in the truth of the publication and therefore acted in reckless

disregard of the plaintiff's rights. [citations omitted].'" Noel v. River Hills Wilsons, Inc., (4th

Dist. 2003) 113 Cal.App.4th 1363, 1370; 7 Cal. Rptr. 3d 216, 221 – 222.

**3.    Argument on Applicability of Litigation Privilege or Common Interest Privilege, or Both.**

The Court can, and should, take judicial notice of Counter-Claimant's admissions

made in his prior pleadings in this action, including without limitation Counter-Claimant's

ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

(hereinafter referred to as "the Answer"). Counter-Claimant has admitted that the Factoring

and Security Agreement (Exhibit "A" to the Complaint filed herein) and the

"INTERCREDITOR AGREEMENT, ASSIGNMENT, AND CONSENT THEREON"

(Exhibit "B" to the Complaint filed herein) are agreements PM Factors, Inc. entered into with

M & K Sound. (the Answer, Paragraphs 6 and 7, 2:6 – 13). Moreover, Counter-Claimant has

also admitted that "plaintiff purchased certain receivables, advanced funds to the entity

identified as M & K Sound and received payments from said entity…" Id., Paragraph 9, 2:16

– 18. Consequently, given the nature of those agreements (of which Cross-Defendants Peter

Perl and Stephen Perl are not parties), and Cross-Defendant PM Factors' purchase of

receivables, PM Factors was an assignee that was entitled to communicate with M & K

Sound's customers (of course they were not Counter-Claimant's customers and so the claim

fails for that reason as well) pursuant to the notification of assignment rights provided by

Commercial Code Section 9406. Moreover, the receivables were PM Factors' receivables

because they were purchased and assigned. That also entitled PM Factors to communicate

with persons that were going to pay on those receivables, namely M & K Sound's customers.

As a matter of law, PM Factors' "contact with customers," (Counter-Claim, Paragraph 53,

12:16 – 17), was a privileged act.

### III. CONCLUSION

For all the foregoing reasons, Counter-Defendants' motion to dismiss must be granted

in its entirety.

Dated:  May 29, 2008                    POLK, PROBER & RAPHAEL
                                        A LAW CORPORATION


                                        By  /s/ Cassandra J. Richey
                                          CASSANDRA J. RICHEY, ESQUIRE
                                          Attorneys for Movants

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

I, **ASALIA CATALAN**                    , certify that I am a resident of the

4

County aforesaid; I am over the age of 18 years and not a party to the within action; my business
address is 20750 Ventura Boulevard, Suite 100, Woodland Hills, California 91364.

5

On    MAY 2 9 2008                    , I served the within COUNTER-
DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND

6

AUTHORITIES on all interested parties in this proceeding by placing true and correct copy
thereof enclosed in a sealed envelope with postage prepaid in the United States Mail at

7

Woodland Hills, California, addressed as follows:

8

Kenneth W. Kreisel                          Kenneth W. Kreisel
Laurene M. Kreisel                          5409 Castle Knoll Road

9

5409 Castle Knoll Road                      La Canada Flintridge, CA 91011
La Canada Flintridge, CA 91011              Defendant

10

Debtors

11

Scott C. Clarkson, Esq.                     Eve A. Marsella, Esquire

12

Clarkson, Gore & Marsela, APLC              3424 Carson Street, Suite #350
3424 Carson St., Suite 350                  Torrance, CA 90503

13

Torrance, CA 90503                          Attorney for Debtors
Attorney for Debtors

14

15

Scott E. Shapiro, Esq.                      U.S. Trustee
Law Offices of Scott E. Shapior, P.C.       21051 Warner Center Lane, Suite 115

16

17337 Ventura Boulevard, Suite 200          Woodland Hills, CA 91367
Encino, CA 91316

17

18

David Keith Gottlieb
15233 Ventura Boulevard, 9th Floor

19

Sherman Oaks, CA 91403-2201
Chapter 7 Trustee

20

21

I declare that I am employed in the office of a member of the Bar at whose
direction this service was made.

22

I certify under penalty of perjury that the foregoing is true and correct.

23

Executed on    MAY 2 9 2008                    , at Woodland Hills, California.

24

25

ASALIA CATALAN

26

27

28

25