ANDREW A. GOODMAN (State bar No. 115685)
agoodman@andyglaw.com
LAW OFFICES OF ANDREW GOODMAN
200 N. Westlake Boulevard, Suite 202
Westlake Village, California 91362
Tel: (805) 379-2010 • Fax: (805) 379-2020

Attorneys for Defendants
Kenneth W. Kreisel and Laurene M. Kreisel

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

In re

KENNETH W. KREISEL and LAURENE M. KREISEL,

    Debtors.

---

PM FACTORS, INC., a California corporation dba 1st FACTORS BANCORP,

    Plaintiff,

vs.

KENNETH W. KREISEL and LAURENE M. KREISEL,

    Defendants.

---

KENNETH W. KREISEL, Individually & derivatively on behalf of MILLER & KREISEL SOUND, Inc.

    Counter-Claimants

vs.

PM FACTORS, INC., a California corporation dba 1st FACTORS BANCORP, STEPHEN PERL, an Individual, PETER PERL, an Individual, MILLER & KREISEL SOUND, INC. & DOES 1 through 10, Inclusive,

    Counter-Defendants

CASE NO. SV07-11493 MT
[Chapter 7]
ADV. NO. 08-01169-MT

**NOTICE OF MOTION AND MOTION BY LAW OFFICES OF ANDREW GOODMAN FOR AN ORDER AUTHORIZING WITHDRAWAL AS BANKRUPTCY COUNSEL FOR KENNETH W. KREISEL and LAURENE M. KREISEL IN THE DISCHARGEABILITY CASE COMMENCED BY PM FACTORS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDREW GOODMAN**

DATE: April 1, 2009
TIME: 10:00 a.m.
CTRM: "301"
    21041 Burbank Boulevard
    Woodland Hills, CA. 91367

1

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, KENNETH AND LAURENE KREISEL, PM FACTORS, THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

**PLEASE TAKE NOTICE** that on <u>April 1, 2009</u> at 11:00 a.m. in or as soon thereafter as the matter can be heard in the courtroom of the Honorable Maureen Tighe, United States Bankruptcy Judge, located at located at 21041 Burbank Boulevard, Courtroom "302", Woodland Hills, California, the Law Offices of Andrew Goodman, P.C. will and hereby does move the Court for an order authorizing it to withdraw as counsel for Kenneth Kreisel and Laurene Kreisel ("Defendants") solely in connection with the non-dischargeability action commenced against Defendants by PM Factors.[1]

**PLEASE TAKE FURTHER NOTICE** that the background of this Motion to Withdraw is summarized as follows: Defendants filed their voluntary petition under Chapter 11. On April 25, 2007. The Chapter 11 case was converted to Chapter 7 on November 27, 2007. On or about March 14, 2009, PM Factors, Inc filed a Complaint to Determine Dischargeability of Debt against Defendants (the "Dischargeability Action"). Defendants answered the Complaint, in pro per on or about April 21, 2008.

On or about August 5, 2008, Defendants asked the Law Offices of Andrew Goodman ("Goodman") to substitute in as counsel of record in connection with defense of the Dischargeability Action. A Substitution of Attorney was signed and filed with the Court. Since that time, Goodman has represented Defendants in the Dischargeability Action.

Over the last month, there unfortunately, there has been a breakdown in the attorney-client relationship with regard how this case should proceed, what discovery should be conducted and the ability of Defendants to pay counsel to litigate the Dischargeability Action. As set forth in the Declaration of Andrew Goodman, Goodman previously had several phone calls with Kenneth Kreisel regarding this matter, but in the last month has not received any response from Mr. Kreisel

---

[1] Defendants have filed a counter-claim against PM Factors. At all times Defendants have represented themselves in connection with the Counter-claim.

except for one e-mail indicating that he was injured. Mr. Goodman has also explained to Defendants that he was not able to effectively represent Defendants and that needed to withdraw as counsel. A substitution of attorney was provided by not signed. To date, Goodman has received only one e-mail from Defendants in the last thirty days.

**NOTICE TO THE DEBTORS.** This Motion affects your rights. You should immediately consult counsel with regard to your rights and the impact that the granting of this Motion may have on you and the pending litigation.

**DEADLINE FOR OPPOSITION PAPERS.** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to Oppose this Motion, you must prepare and file written opposition with the Bankruptcy Court and serve it on the Firm at the address set forth at the top of the first page of this Motion no less than fourteen (14) days prior to the date set for the hearing on this Motion.

Pursuant to Local Bankruptcy Rule 9013-1(f)(1), any Opposition must contain a brief but complete written statement of all reasons in opposition to this Motion or in support or joinder of the Motion, and answering memorandum of points and authorities, declarations and copies of all photographs and documentary evidence on which you intend to rely.

The opposing papers must also advise the adverse party that any reply to the opposition must be filed with the court and served on the opposing party no later than 7 days prior to the hearing on the Motion.

If you do not oppose this Motion, you may file a written statement that the Motion will not be opposed. Failure to file Opposition and/or appear at the hearing on this Motion may be deemed by the court to be consent to the granting or denial of the motion, as the case may be.

///
///
///
///
///

HEARING DATE OBTAINED PURSUANT TO JUDGE'S SELF-CALENDARING PROCEDURE. The undersigned verifies that the above hearing date and time were available for this type of motion according to the Judge's self-calendaring procedures.

DATED: March 3, 2009

LAW OFFICES OF ANDREW GOODMAN

By: _____
ANDREW GOODMAN
Attorneys for Kenneth and Laurent Kreisel

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

Debtors are the debtors and debtors in possession herein, filing their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 25, 2007. The Chapter 11 case was converted to Chapter 7 on November 27, 2007.

### A. The Dischargeability Case

On or about March 14, 2008, PM Factors, Inc. ("PMF") filed a Complaint to Determine Dischargeability of Debt against Defendants (the "Complaint"). Defendants answered the Complaint, in pro per on or about April 21, 2008.

On or about August 5, 2008, Defendants asked the Law Offices of Andrew Goodman ("Goodman") to substitute in as counsel of record in connection with defense of the Complaint. A Substitution of Attorney was signed and filed with the Court. Since that time, Goodman has represented Defendants in the Complaint. Defendants represent themselves in a counter-claim against PMF.

### B. Procedural Posture of Case

The court has conducted several status conferences. The last one was on November 5, 2008.

The parties have met and conferred pursuant to Rue 26. Goodman and Kreisel met with counsel for PMF.

A discovery cut-off was set for March 6, 2009, however, disputes have arisen with regard to the completion of Mr. Kreisel's deposition and additional time may be needed to conducted discovery.

Documents have been exchanged with the most recent production by PMF on March 2, 2009 of approximately 3500 pages.

Goodman prepared and served written discovery in December 2008 on behalf of Defendants. At this time, Goodman is unable to communicate with and/or provide effective representation of Defendants and accordingly would respectfully request to be relieved as counsel. Goodman has had

no communication with Defendants in the last month with the exception of one e-mail and has not been authorized to perform certain additional work in connection with defense of the Complaint.

II.

## **THE COURT SHOULD ALLOW THE FIRM TO WITHDRAW AS COUNSEL**

Local Bankruptcy Rule 9011-2(a)(b) provide as follows:

(a) A corporation, a partnership, including a limited liability partnership, a limited liability company, or any other unincorporated association, or a trust may not file a petition or otherwise appear without counsel in any case or proceeding, except that it may file a proof of claim, file or appear in support of an application for professional compensation, or file a reaffirmation agreement, if signed by an authorized representative of the entity.

(b) Any individual representing himself or herself without an attorney must appear personally for such purpose.

In this case, the Defendants are individuals. Prior to Goodman substituting in as counsel, Defendants were representing themselves in connection with both the Complaint and the Counter-Claim which they filed on their own. Defendant are not only legally entitled to appear and represent their interests in connection with the Complaint, but they have shown their ability to do so.

Local Bankruptcy Rule 2091-1 sets forth the rules, requirements where an attorney seeks to withdraw as counsel:

Motion for Withdrawal. Except as provided in LBR 2091-1(b) and LBR 3015-1: (1) An attorney who has appeared on behalf of an entity in any matter concerning the administration of the case, in one or more proceedings, or both, may not withdraw as counsel except by leave of court; and (2) An entity represented by counsel may not appear without counsel or by a different attorney except by leave of court.

Consensual Substitution of Counsel. (1) A consensual substitution of attorneys may be filed and served to substitute counsel without leave of court where: (A) An entity on whose behalf an attorney has appeared in any matter concerning the administration of the case, in one or more proceedings, or both, desires to substitute a different attorney in place of its former attorney; or (B) A previously unrepresented entity desires to substitute an attorney employed to represent the entity.

Local Bankruptcy Rule 2091-1(c) entitled Notice provides as follows:

(1) Case. An attorney seeking withdrawal or substitution who has appeared on behalf of an entity in any matter concerning the administration of the case must give notice of the proposed substitution or motion for leave to withdraw to the debtor, the United States

trustee, any case trustee, any committee appointed in the case, counsel for any of the foregoing, and parties requesting special notice.

(2) <u>Proceedings</u>. An attorney seeking withdrawal or substitution who has appeared on behalf of an entity only in one or more proceedings must give notice of the proposed substitution or motion for leave to withdraw to the debtor, each party who has been named or who has appeared in such proceeding(s), and the United States trustee.

(3) <u>Cases and Proceedings</u>. An attorney seeking withdrawal or substitution who has appeared on behalf of an entity both in the case and one or more proceedings must give notice of the proposed substitution or motion for leave to withdraw to all entities entitled to notice under subsections (c)(1) and (2) of this rule.

As set forth above, Defendants are individuals. Goodman was employed by Defendants after the commencement of the Complaint and after Defendants answered the Complaint. Goodman has represented Defendants solely in the Dischargeability Action and has advised Defendatns of its intent to withdraw as counsel. Goodman has also advised Defendants that they may appear and represent themselves in future proceedings without an attorney, but it has been recommended that counsel be engaged.

As of the filing of this Motion, Defendants have not signed a substitution of attorney. If one is signed prior to the hearing, it will be filed with the Court and served on all parties set forth in LBR 2091-1(c).

### III.
### CONCLUSION

For the reasons set forth above, the Law Offices of Andrew Goodman respectfully requests that it be allowed to withdraw as counsel for the Debtors in the above-referenced adversary action.

DATED: March 3, 2009           LAW OFFICES OF ANDREW GOODMAN

By: /s/ Andrew Goodman
ANDREW GOODMAN
Attorneys for Kenneth and Laurene Kreisel

# DECLARATION OF ANDREW GOODMAN

1. I am an attorney at law licensed to practice before all the Courts of the State of California and the United States Bankruptcy Court, Central District of California. I am a principal in the Law Offices of Andrew Goodman, P.C. I make this declaration of my own personal knowledge and if called to testify, could and would competently testify thereto.

2 My firm was approached by Kenneth and Laurene Kreisel ("Defendants") in August 2008 to substitute in as counsel of record in the adversary action commenced against them by PMF Inc for Dischargeability of Debt (the "Complaint"). Prior to that time, Defendants had represented themselves and had filed answers to the Complaint by themselves. In addition, Defendants have filed a counter-claim in which they have at all times, represented themselves.

3. I attended several status conferences and prepared and served written discovery on PM Factors. I also met with Kenneth Kreisel and advised him of what needed to be done in order to properly litigate and defend the Complaint.

4. There was an early meeting of counsel with myself, Mr. Kreisel and counsel for PM Factors on or about January 22, 2009. Since that time, I have not heard from Mr. Kreisel. In addition, despite my suggestions as to certain action that needed to be taken, I was advised that Defendants not to take certain action to defend the Complaint and were not able to afford my representation. Given the lack of communication and the decisions regarding litigation of this case, I am unable to provide effective representation of the Defendants and am not getting paid for the services that have been rendered.

5. I have spoken with Mr. Kreisel numerous times regarding work that needed to be performed in order to properly defend the Complaint. Based on the lack of recent communication, decisions regarding defending the Complaint and lack of payment, I requested that Defendants sign a substitution of attorney and proceed in pro per as they did before. To date I have not heard back from them and not received a signed substitution of attorney. Accordingly, I proceeded with the filing of this Motion.

6. I have also received a number of e-mails from counsel for PMF advising me that he

had not received responses to communication/e-mails he sent to Mr. Kreisel, as Mr. Kreisel has always acted as his own attorney in connection with the counter-claim filed against PM Factors.

7. Based on all of the above, I am unable to provide adequate and proper representation to the Defendants and I request permission to withdraw as counsel or record.

8. I have advised the Defendants that they should seek advice and/or engage other counsel regarding their rights and the impact that the Firm's withdrawal may have on their case

9. I have offered to sign a substitution of attorney. To date, Debtors have not responded. In order to limit any prejudice to Debtors, this Motion has been prepared and filed.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 3 day of March, 2009 at Westlake Village, California

_____
ANDREW GOODMAN

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **200 N. Westlake Boulevard, Suite 202, Westlake Village, California 91362**. The foregoing document described **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **MARCH 3, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Jennifer Braun - US Trustee – Jennifer.braun@usdoj.gov
Andrew A Goodman - counsel for debtors – agoodman@andyglaw.com
United States Trustee (SV) – ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **MARCH 3, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Scott E. Shapiro, Esq.
Law Offices of Scott E. Shapiro, P.C.
17337 Ventura Blvd., Suite 200
Encino, CA 91316
Attorneys for PM Factors, Inc.

Honorable Maureen Tighe
United States Bankruptcy Court, Central District Of California
21041 Warner Center Lane, Suite 345 (Deliver to Bin Outside of Elevators on 3rd Floor)
Woodland Hills, CA. 91367

Kenneth and Laurene Kreisel
5409 Castle Knoll Road
La Canada Flintridge, CA. 91011
Debtors

☐ Service information continued on attached page

10

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.* |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| MARCH 3, 2009 | ANDREW GOODMAN | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |